UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD J. HOLLIS,

       Petitioner,

                                            Case Number: 2:06-CV-14860

v.

                                            HONORABLE PATRICK J. DUGGAN

MICHIGAN PAROLE BOARD,

       Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTIONS FOR APPOINTMENT OF COUNSEL, FOR BOND, AND FOR EVIDENTIARY HEARING**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on December 5, 2006.

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On October 26, 2006, Ronald J. Hollis ("Petitioner"), a state prisoner presently confined at the Standish Maximum Correctional Facility in Standish, Michigan, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner signed the instant petition on October 20, 2006. In his pleadings, Petitioner challenges the Michigan Parole Board's denial of his release on parole, resulting in his continued confinement. Petitioner also has filed motions for appointment of counsel, for bond, and for evidentiary hearing.

1

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (providing that the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the grounds raised in the petition are meritless, such that the petition must be denied.

Petitioner is currently in the custody of the Michigan Department of Corrections. He pleaded *nolo contendere* to first-degree criminal sexual conduct in Michigan state court and was sentenced to four to thirty years imprisonment in 1994. Petitioner states that the Michigan Parole Board ("Parole Board") denied him parole release on September 28, 2005, because it "lacks reasonable assurance that Petitioner would not become a menace to society or to the public safety." *See* Mem. in Support of Petition at 6. In his petition, Petitioner contends that the Parole Board abused its discretion and violated his due process rights by denying him parole because he would not admit to the crime, which he asserts is unsupported by any evidence.

In order to demonstrate that he is entitled to habeas corpus relief, Petitioner must show that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a). Petitioner alleges a violation of the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. As the Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 2975 (1974).

The Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws, a liberty interest which is subject to constitutional protection. *Thompson*, 490 U.S. at 460, 109 S. Ct. at 1908 (citing *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 868 (1983)).

In deciding whether a liberty interest arises under the laws of a State, the Supreme Court closely examines the language of the State's relevant statutes and regulations.

3

*Thompson*, 490 U.S. at 461, 109 S. Ct. at 1909.  "Stated simply," the Court explained, "'a State creates a protected liberty interest by placing substantive limitations on official discretion.'" *Id*. at 462 (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S. Ct. 1741, 1747 (1983)).  As the Court further advised:

> A State may do this in a number of ways . . . the most common manner in which a  State creates a liberty interest is by establishing "substantive predicates" to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.

*Id*. (citing *Hewitt*, 459 U.S. at 472, 103 S. Ct. at 871).  In order to find that a liberty interest arises under a State's laws, the Court has required "that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow."  *Id*. (quoting *Hewitt*, 459 U.S. at 471-72, 103 S. Ct. at 871-72.)

   Applying these standards, the Michigan Court of Appeals and the courts within the Sixth Circuit have concluded that a liberty interest in parole does not arise under Michigan law.  *See Hurst v. Dep't. of Corr. Parole Bd.*, 119 Mich. App. 25, 29, 325 N.W.2d 615, 617 (1982); *Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999).  The *Hurst* court found that Michigan's parole statute provides that a prisoner shall not be released until his minimum term of imprisonment has been served, but that it *allows* an early parole as an exception to the minimum term provision.  *Hurst*, 119 Mich. App. at 29, 325 N.W.2d at 617.  While

the statute provides factors for the Parole Board to consider, it does not mandate parole if certain criteria are met. *Id.* Thus, the Michigan Court of Appeals concluded that the State's statute "creates only a hope of early release," rather than a right to release. *Id.*

As Petitioner has no protected liberty interest in parole, his challenge to the Parole Board's decision is not cognizable in a federal habeas corpus petition.

Accordingly,

**IT IS ORDERED,** that the Petition for Writ of Habeas Corpus is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's motions for appointment of counsel, for bond, and for evidentiary hearing are **DENIED AS MOOT**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Ronald J. Hollis, #223242
Standish Maximum Correctional Facility
4713 West M-61
Standish, MI 48658